Richard B. Vaught, SBN 112155
**RBV LAW FIRM**
14440 Big Basin Way, Suite 15
Saratoga, California 95070
Telephone: (408) 275-8523
Facsimile: (408) 288-5191

Joseph J. Zito
Richard A. Castellano
Luiz Felipe Oliveira
DNL ZITO CASTELLANO
1250 Connecticut Ave, NW, Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

Attorneys for Plaintiff
DKR Consulting, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DKR Consulting, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>PINTEREST, INC.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, DKR Consulting, LLC, through its counsel, brings this Complaint for patent infringement against Defendant, Pinterest, Inc. ("Pinterest"), as follows.

## I.   JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code §§ 281 and 271 (a) (b) and/or (c) for infringement of United States Letters Patent Number 9,679,298 ("the `298 Patent").

2. This Court has jurisdiction over patent claims under 35 U.S.C. § 281 and 28 U.S.C. §§ 1331, 1338(a) providing for federal question jurisdiction of actions relating to patents and trademarks.

## II.     INTRADISTRICT ASSIGNMENT

3. Defendant is currently engaged in making components of infringing systems, using infringing systems, inducing others to use infringing systems, offering for sale and/or selling components which enable infringement of infringing systems which infringe claims of the `298 Patent throughout the United States, including use within this judicial district. Defendant is inducing others to use and is contributing to the use of infringing systems.

4. Jurisdiction and Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(a) and (b). Plaintiff is a North Carolina Corporation. Defendant, is a California corporation with principal place of business in San Francisco (San Francisco County) within this Judicial District. Defendant uses accused systems and distributes infringing components in this Judicial District and throughout the United States.

### THE PARTIES AND GENERAL ALLEGATIONS

5. Plaintiff is a North Carolina corporation and is the owner by assignment of the entire interests in and to the `298 Patent, issued on June 13, 2017, naming Mr. David Robb, Mr. Grant Neerings, Mr. Cameron Patterson, Mr. Joseph Rodriguez, Mr. Quinton Richard Harris, and Mr. Benjamin Cook as the inventors.

6. Defendant, upon information and belief, is a California corporation with its principal place of business in San Francisco.

7. Plaintiff's principal, Mr. David K. Robb ("Mr. Robb") was the CEO/Owner of DIY Media, Inc., which previously owned the `298 Patent.

8. DIY Media, Inc. had a business relationship with Defendant. DIY Media's business relationship with Defendant included having DIY Media's ShopPost platform integrated with Pinterest's platform for a period of time.

//

9. In or about April, 2017, DIY Media, Inc. assigned the `298 Patent to Mr. Robb and in or about August of 2017, Mr. Robb and Pinterest, represented by Mr. Henry Lien, entered into a Non-Disclosure Agreement ("NDA") to discuss the possibility of entering into a patent licensing agreement for the `298 Patent.

10. After the NDA was signed, Mr. Robb provided Defendant with DIY Media's documents, including the `298 Patent. Following the exchange of documents and of emails, DIY Media attempted for over 3 months to reach Defendant and its representative Mr. Henry Lien without success.

11. Defendant's exchange did not result in a licensing agreement for the `298 Patent.

12. After the exchange between Mr. Robb and Defendant, the `298 Patent was assigned to Plaintiff.

13. Upon information and belief, Defendant makes, uses, sells and offers for sale and distributes material components of accused systems nationwide in the United States. Defendant induces the use of, and contributes to the use of the accused systems by others within the United States. Accused systems include systems for the distribution of multimedia content and the consummation of transactions between content owners, content distributors and consumers in a manner claimed in the `298 Patent. Defendant's systems which infringe include Pinterest's "Buyable Pin" system (the "Accused System").

14. Details of the specific correspondence between the elements of the claims of the `298 Patent and the presently identified Accused System are further detailed in the Claim Charts attached hereto as **Exhibit A** and incorporated fully by reference into this Complaint.

**A. US 9,679,298 – THE PATENT IN SUIT**

15. The `298 Patent is entitled "System and Method for Distributing Multimedia Content."

16. The `298 Patent includes exemplary independent system claim 1:

    1. A system comprising:

        a display device configured for displaying a web browser;
        a memory configured for storing data;
        a processor communicatively coupled to the memory and

the display device, the processor configured for displaying, in the web browser, a portable web widget, the web widget comprising:

a content retrieval component communicatively coupled to an application server over a computer communications network, the content retrieval component executed by the processor to retrieve one or more multimedia display files and metadata into an embedded electronic commerce store in the web widget, the multimedia display files and the metadata retrieved from a storage resource communicatively coupled to the application server and stored in the memory after the web widget enters an active operational mode, the web widget entering the active operational mode after a user clicks on the web widget in an inactive operational mode in the web browser;

a content preview component executed by the processor for streamed execution of a portion of one or more multimedia content files from a multimedia content distribution system executing on the application server, the streamed execution performed in the web browser based on a selection request made on the web widget in the active operational mode for streamed execution of at least one of the one or more multimedia content files; and

a transaction processing component executed by the processor to execute and complete a commercial transaction in the embedded electronic commerce store pertaining to the one or more multimedia content files;

wherein the one or more multimedia display files and metadata are associated with each of the one or more multimedia content files;

wherein the multimedia display files, the multimedia content files and the metadata are created under control of a content owner; and

wherein the multimedia content files are associated with the web widget by at least one of the content owner and a content distributor using the multimedia content distribution system.

//

//

//

17. U.S. Patent 9,679,298 includes exemplary independent system claim 24:

24. A system comprising:

a display device configured for displaying a web browser;
a memory configured for storing data;
a processor communicatively coupled to the memory and the display device, the processor configured for displaying, in the web browser, a portable web widget, the web widget comprising:
a content search component communicatively coupled to an application server over a computer communications network, the content search component executed by the processor to search for one or more multimedia content files accessible from the application server after the web widget enters an active operational mode, the web widget entering the active operational mode after a user clicks on the web widget in an inactive operational mode in the web browser;

a content retrieval component communicatively coupled to the application server over the computer communications network, the content retrieval component executed by the processor to retrieve one or more multimedia display files and metadata associated with each of the one or more multimedia content files into an embedded electronic commerce store in the web widget from a storage resource communicatively coupled to the application server;
a content preview component executed by the processor to enable the multimedia content distribution system to perform a streamed execution of a portion of each of the one or more multimedia content files in the web browser on the client device based on a selection request from the user for streamed execution of at least one of the one or more multimedia content files; and
a transaction processing component executed by the processor to complete a commercial transaction in the embedded electronic commerce store pertaining to each of the one or more multimedia content files;
wherein the multimedia display files, the multimedia content files and the metadata are created under control of the content owner; and
wherein the multimedia content files are associated with the web widget by at least one of the content owner and a content distributor using the multimedia content distribution system.

**B.     THE ACCUSED SYSTEM**

18. Defendant provides software and web widgets for use in a wide variety of processors for the distribution of multimedia content and the consummation of transactions between content owners, content distributors and consumers in a manner claimed in the `298 Patent. Defendant's software enables the use of Defendant's web widgets which are a material component of the patented invention, are especially made to practice the invention and are not staple articles of commerce and induce the use of infringing systems. The web widget presently known to Plaintiff is Defendant's "Buyable Pin" widget. Plaintiff anticipates identification of additional infringing widgets during discovery.

19. Details of the specific correspondence between the elements of the claims of the patents-in-suit and the presently identified accused system is detailed in the Claim Charts attached hereto and incorporated fully by reference into this Complaint.

**C.  DIRECT INFRINGEMENT OF US 9,679,298**

20. Consumers are the direct infringers of the claimed system which includes the screen, processor and memory of the user's device, as well as on-line memory. Defendant's software runs on the processor of the consumer's device, displays on the screen and uses memory. Defendant's "Buyable Pin" widget allows consumers access to a portable web widget for distribution of multimedia content over a computer communications network with a transaction processing component operative to execute and complete a commercial transaction in the embedded electronic commerce store pertaining to multimedia content files in a manner claimed in the `298 Patent.

21. Plaintiff is entitled to damages for direct infringement as set forth in 35 USC § 284 and § 285.

**III.   COUNT I**

**D.     INDUCING INFRINGEMENT OF US 9,679,298**

22. Defendant has infringed and continues to infringe one or more of the claims of the `298 Patent under 35 U.S.C. 271(b) by inducing others to infringe one or more of the claims of the `298 Patent. Defendant's inducing activities include providing software to consumers which is

used to form infringing systems which infringe the claims of the `298 Patent and through inducing others to use and provide software to consumers which is used to form infringing systems, and through the activities of Defendant in connection with the sale and/or use of systems which include a systems for the distribution of multimedia content and the consummation of transactions between content owners, content distributors and consumers in a manner claimed in the 298 Patent, including the Accused System described above.

23. Defendant has induced and continues to induce others to infringe one or more of the claims of the `298 Patent, through the distribution of software which is a material component of the patented invention, is especially made to practice the invention and is not a staple article of commerce and induces the combination into and use of infringing systems, and which forms an infringing system and is used in an infringing manner to infringe one or more of the claims of the `298 Patent.

35 U.S.C. § 271(b) states:

"Whoever actively induces infringement of a patent shall be liable as an infringer."

24. Plaintiff is the owner of all rights, title and interest in and to and has had standing to sue for infringement of the `298 Patent.

25. The '298 Patent, as set forth in the claims, protects: systems for the distribution of multimedia content and the consummation of transactions between content owners, content distributors and consumers. Defendant uses and sells components of such systems. Defendant's software is actuated by consumers who click on or activate the widget. Defendant's software has no significant non-infringing use. Defendant encourages consumers to use its "Buyable Pin" system in an infringing manner. Defendant provides information which includes a description of the infringing components and the manner of use of the components. Defendant's actions induce and encourage infringing use. Thus, Defendant induces infringement when others use the accused system components which have been provided by Defendant, with Defendant's knowledge that such combined systems infringe the '298 Patent.

26. Defendant's knowledge of inducement is evidenced by the NDA entered between Mr. Robb and Defendant to discuss the possibility of entering into a patent licensing agreement for

the `298 Patent.

27. Upon information and belief, Defendant currently infringes and has infringed one or more of the claims of the `298 Patent under 35 U.S.C. § 271(b) by the activities as described above.

28. Plaintiff is entitled to recover damages from Defendant including reasonable royalties and lost profits, sustained as a result of Defendant's infringing acts under 35 U.S.C. § 271 and § 284.

29. Defendant has been aware of Plaintiff's rights in the patents in suit and of Plaintiff's intent to enforce those rights. Defendant has, with full knowledge of those rights, willfully proceeded to infringe, in disregard of Plaintiff's rights. Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284.

30. Plaintiff is entitled to damages for induced infringement as set forth in 35 USC § 284 and § 285.

### IV.  COUNT II

**E.  CONTRIBUTORY INFRINGEMENT OF US 9,679,298**

31. Defendant has contributed to the infringement and continues to contribute to the infringement of one or more of the claims of the '298 Patent under 35 USC 271(c) by contributing components to the use of the system which infringe the claims of the `298 Patent, such components constituting a material part of the invention, and especially adapted for use in an infringement of the '298 Patent.  The components are not staple articles or commodities of commerce suitable for substantial non-infringing use.  The contribution includes sale and/or distribution within the United States of such components for infringing use by Defendant's customers and users.

35 U.S.C. § 271(c) states:

> "(c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

32. The '298 Patent, as set forth in the claims, protects: "a system for the distribution of multimedia content and the consummation of transactions between content owners, content distributors and consumers". Defendant uses systems for the distribution of multimedia content and the consummation of transactions between content owners, content distributors and consumers and provides components for such systems for use by customers and users. Defendant supplied components which constitute a material part of the system of the invention, knowing the components to be especially made and adapted for use in an infringement of the '298 Patent and the components are not a staple articles or commodities of commerce suitable for substantial noninfringing use. Defendant's components are combined into accused systems and Defendant is a contributory infringer of the '298 patent.

33. Defendant's knowledge that components contributed by Defendant were especially made or especially adapted for use in an infringing manner is evidenced by the NDA entered between by Mr. Robb and Defendant to discuss the possibility of entering into a patent licensing agreement for the `298 Patent.

34. Defendant has contributed to the infringement of the '298 Patent through its contribution of components to accused infringing systems which infringe claims of the `298 Patent.

35. Plaintiff is the owner of all rights, title and interest in and to and has had standing to sue for infringement of the `298 Patent.

36. Upon information and belief, Defendant currently contributes to the infringement and has contributed to the infringement of one or more of the claims of the `298 Patent under 35 U.S.C. § 271(c) by the activities as described above.

37. Plaintiff is entitled to recover damages from Defendant including reasonable royalties and lost profits, sustained as a result of Defendant's infringing acts under 35 U.S.C. § 271 and § 284.

38. Defendant has been aware of Plaintiff's rights in the patent in suit and of Plaintiff's intent to enforce those rights. Defendant has, with full knowledge of those rights, willfully proceeded to infringe, in disregard of Plaintiff's rights. Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284.

9
COMPLAINT

39. Plaintiff is entitled to damages for contributory infringement as set forth in 35 USC 285 and 285.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. That Defendant be held to have infringed the `298 Patent under 35 U.S.C. § 271(a)(b) and (c).

b. That Defendant has acted with knowledge of the '298 Patent.

c. That judgment be entered for Plaintiff against Defendant, for Plaintiff's damages according to proof, and for any additional damages attributable to infringements of Plaintiff's patent rights and for enhanced damages under 35 U.S.C. § 284 and § 285.

d. That judgment be entered for Plaintiff against Defendant, adequate to compensate Plaintiff, for reasonable royalties and/or other statutory damages based upon Defendant's acts of patent infringement and for its other violations of law under 35 U.S.C. § 271, § 284 and § 285.

e. That Defendant be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law and that Plaintiff be awarded damages in the amount of such profits under 35 U.S.C. § 284 and § 285.

f. That the actions of Defendant be found willful.

g. That judgment be entered for Plaintiff and against Defendant, for enhancement of the damages awarded for patent infringement under 35 U.S.C. § 284 and § 285.

h. That the actions of Defendant be found exceptional under 35 U.S.C. § 285.

i. That Plaintiff be granted judgment against the Defendant for Plaintiff's costs and attorney's fees under 35 U.S.C. § 285 and/or the inherent powers of the Court.

j. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

//

//

//

### VI. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues raised by the complaint which are properly triable to a jury.

Dated: August 31, 2018                                Respectfully submitted,

                                                      The RBV Law Firm


                                                      /s/ Richard B. Vaught_____
                                                      Richard B. Vaught, Esq.
                                                      Attorneys for Plaintiff


Dated: August 31, 2018                                Respectfully submitted,

                                                      DNL ZITO CASTELLANO


                                                      /s/ Joseph J. Zito_____
                                                      Joseph J. Zito
                                                      Luiz Felipe Oliveira
                                                      Richard A. Castellano
                                                      Attorneys for Plaintiff