DURIE TANGRI LLP
RYAN M. KENT (SBN 220441)
rkent@durietangri.com
VERA RANIERI (SBN 271594)
vranieri@durietangri.com
MATTHEW W. SAMUELS (SBN 294668)
msamuels@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
PINTEREST, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DKR CONSULTING LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>PINTEREST, INC.,<br><br>               Defendant. | Case No. 4:18-cv-05383-JSW<br><br>**DEFENDANT PINTEREST, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    February 8, 2019<br>Time:   9:00 a.m.<br>Ctrm:  5, 2nd Floor<br>Judge:  Honorable Jeffrey S. White |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that on February 8, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, CA, in Courtroom 5 before the Honorable Jeffrey S. White, Defendant Pinterest, Inc. ("Pinterest") will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint for failure to state a claim.

Pinterest's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Ryan M. Kent and all exhibits thereto, all documents in the Court's file, any matters of which this Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

Dated:  December 13, 2018                DURIE TANGRI LLP


By:  _____ */s/ Ryan M. Kent*
                                        RYAN M. KENT

Attorneys for Defendant
PINTEREST, INC.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ............................................................... i

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

I.     INTRODUCTION ..........................................................................................................1

II.    ALLEGATIONS IN THE COMPLAINT .....................................................................1

III.   DISCUSSION ...............................................................................................................4

     A.    Legal Standards.................................................................................................4

     B.    Webpages Referenced in DKR's Complaint Are Properly Considered in Resolving Pinterest's Motion to Dismiss .............................................................5

     C.    DKR Has Not Stated a Claim for Direct Infringement .....................................5

           1.    The Complaint does not allege facts sufficient to show the "web browser" limitation. .........................................................................5

           2.    The Complaint does not allege facts sufficient to show the "web widget" limitation. ..........................................................................7

     D.    DKR Has Not Stated a Claim for Inducement or Contributory Infringement ...................8

IV.   CONCLUSION............................................................................................................10

ii

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF / CASE NO. 4:18-CV-05383-JSW

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012).................................................................................9

*Bradley v. Chiron Corp.*,
    136 F.3d 1317 (Fed. Cir. 1998).................................................................................4

*Castagnola v. Hewlett-Packard Co.*,
    No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012)......................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
    __ U.S. __, 135 S. Ct. 1920 (2015).........................................................................9

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
    911 F.2d 242 (9th Cir. 1990) ....................................................................................4

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ...............................................................................4, 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)....................................................................................................8

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017).................................................................................8

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ..................................................................................7

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ....................................................................................4

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ....................................................................................4

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012).................................................................................9

*U.S. v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................4, 5

**Statutes**

35 U.S.C. § 271 ............................................................................................................5, 8, 9

**Rules**

Fed. R. Civ. P. 8 ...................................................................................................................1

Fed. R. Civ. P. 11 .................................................................................................................7

Fed. R. Civ. P. 12(b)(6).................................................................................................i, 4, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Every complaint must state a claim that "show[s] that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  In deciding whether a complaint has met this threshold, a court must accept well-pled factual allegations as true.  A court, however, need not credit inferences that are not warranted from the factual allegations pled in the complaint.  For example, a court is not required to accept a complaint's assertion that the sky is green when an incorporated photograph contradicts it.

The Complaint served by Plaintiff DKR Consulting LLC ("DKR") hinges on such unwarranted inferences.  DKR asserts that Pinterest induces infringement of or contributorily infringes claims of U.S. Patent No. 9,679,298 (the "'298 patent") by providing software to Pinterest's users.  Each of these claims requires a "portable web widget" to be displayed "in the web browser."  In an attempt to meet this limitation, DKR points to twin screenshots of Pinterest's native mobile application and from these factual allegations asserts that the accused functionality is a "web widget" that operates in a web browser. Nothing warrants this inference: factual allegations about Pinterest's ***mobile application*** do not show operation in a ***web browser***, and are not sufficient to state a claim.

Moreover, DKR has not pled facts plausibly showing that the Pinterest software includes a "portable web widget," which the patent defines as "portable software that can be installed and executed within a hypertext-markup-language web page by an end user that does not require additional compilation."  '298 patent at col. 1, ll. 59–62.  DKR has identified a former feature in Pinterest called "Buyable Pins" as these web widgets.  But it provides no factual allegation that show these pins as being installed and executed within a hypertext-markup-language web page by an end user (because they are not).  Therefore, for these reasons, and the reasons set forth below, DKR's Complaint should be dismissed.

### II.   ALLEGATIONS IN THE COMPLAINT

DKR alleges that it is the owner by assignment of the '298 patent, titled "System and method for distributing multimedia content."  *See* Compl., ECF No. 1 ("Complaint") ¶¶ 1, 15.  The '298 patent is directed to a "portable web widget for distribution of multimedia content over a computer communications network" that is capable of "enabl[ing] content owners to more effectively use viral

distribution of multimedia content and to exploit social media marketing trends to engage in purchase transactions and other forms of electronic commerce directly with current and prospective customers from web widgets over the Internet and over the rapidly growing number of mobile networks and associated mobile devices."  Decl. Ryan M. Kent in Supp. Mot. ("Kent Decl.") ¶ 2, Ex. A ("'298 patent"), at Abstract; *id.* at col. 2, ll. 6–15.

The '298 patent recites 46 system claims, of which two—claims 1 and 24—are independent. DKR alleges that claim 1 is "exemplary," and only analyzes the limitations of this claim in its claim chart.  *See* Compl. ¶ 16; *see also* Compl., Ex. A ("Claim Chart"), ECF No. 1-1.  Claim 1 recites, in full:

1. A system comprising:

[a] a display device configured for displaying a web browser;

[b] a memory configured for storing data;

[c] a processor communicatively coupled to the memory and the display device, ***the processor configured for displaying, in the web browser, a portable web widget***, the ***web widget comprising***:

[d] a content retrieval component communicatively coupled to an application server over a computer communications network, the content retrieval component executed by the processor to retrieve one or more multimedia display files and metadata into an embedded electronic commerce store in the web widget, the multimedia display files and the metadata retrieved from a storage resource communicatively coupled to the application server and stored in the memory after the web widget enters an active operational mode, the web widget entering the active operational mode after a user clicks on the web widget in an inactive operational mode in the web browser;

[e] a content preview component executed by the processor for streamed execution of a portion of one or more multimedia content files from a multimedia content distribution system executing on the application server, the streamed execution performed in the web browser based on a selection request made on the web widget in the active operational mode for streamed execution of at least one of the one or more multimedia content files; and

[f] ***a transaction processing component executed by the processor to execute and complete a commercial transaction in the embedded electronic commerce store*** pertaining to the one or more multimedia content files;

[g] wherein the one or more multimedia display files and metadata are associated with each of the one or more multimedia content files;

[h] wherein the multimedia display files, the multimedia content files and the metadata are created under control of a content owner; and

[i] wherein the multimedia content files are associated with the web widget by at least one of the content owner and a content distributor using the multimedia content distribution system.

'298 patent, col. 18, l. 39–col. 19, l. 14 (emphasis added).  Claim 24 also includes the limitation "a processor communicatively coupled to the memory and the display device, the processor configured for displaying, ***in the web browser***, a portable web widget . . . ."  *Id.* at col. 20, ll. 28–31 (emphasis added).

DKR alleges in its Complaint that "[t]he web widget presently known to Plaintiff is Defendant's 'Buyable Pin' widget," and does not specify any other allegedly infringing software.  Compl. ¶ 18.  In its Claim Chart, DKR includes several images of a smartphone running the Pinterest native mobile application, and includes text purporting to map features of Pinterest's software onto the limitations of claim 1.  *See generally* Claim Chart.  The text accompanying limitation [c] consists of the following passage:

A portable web widgets may be displayed in the web browser. ABOVE, a web browser displaying Pinterest software. BELOW a web widget for retrieval of content:

*Id.* at 2.

Among the text accompanying limitation [f] is the following passage:

The transaction processing component when executed by the processor allows for execution and completion of a transaction (buy). The transaction is completed within the web widget, which includes an embedded electronic commerce store. The embedded electronic commerce store relates to the multi media content files. "Here's how it will work: When you search and pin items, anything with a blue price tag will be called a 'Buyable pin.' You can tap and buy it with either Apple Pay or a credit card (which ***the app*** can then store for the future purchases), or you can add it to a wish list. Then, you can keep pinning as usual. Pinterest isn't taking a cut of the transactions — at least for now — so what you buy ***in its app*** is the same price as what you'd get from the retailer." (See: pinterest buy it button_ purchase items on pinterest)

*Id.* at 6 (emphases added).

1   **III.    DISCUSSION**

2       **A.    Legal Standards**

3           A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a

4   complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is

5   sufficient to state a claim, the court must accept as true all of the factual allegations contained in the

6   complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, the court need not accept as true

7   "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that

8   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis.*

9   *Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see also Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322

10  (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to

11  support a claim.").

12          While a complaint need not allege detailed factual allegations, it "must contain sufficient factual

13  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678

14  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it

15  "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief . . . [is] a

17  context-specific task that requires the reviewing court to draw on its judicial experience and common

18  sense."  *Id.* at 679.  If the allegations are insufficient to state a claim, a court should not grant leave to

19  amend if amendment would be futile.  *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990);

20  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246–47 (9th Cir. 1990).

21          Although courts as a general rule may not consider materials beyond the pleadings in ruling on a

22  motion to dismiss under Rule 12(b)(6), "[a] court may, however, consider certain materials—documents

23  attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

24  notice—without converting the motion to dismiss into a motion for summary judgment."  *U.S. v. Ritchie*,

25  342 F.3d 903, 907–08 (9th Cir. 2003) (citations omitted).  Thus, "[e]ven if a document is not attached to

26  a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the

27  document or the document forms the basis of the plaintiff's claim."  *Id.* at 908 (citations omitted).  "The

28  defendant may offer such a document, and the district court may treat such a document as part of the

4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF / CASE NO. 4:18-CV-05383-JSW

complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

### B. Webpages Referenced in DKR's Complaint Are Properly Considered in Resolving Pinterest's Motion to Dismiss

When a plaintiff "incorporate[s] screenshots of the Defendants' webpages into" its pleading, those webpages are incorporated by reference into the pleading and their content may be considered by the court when ruling on a motion to dismiss. *Castagnola v. Hewlett-Packard Co.*, No. C 11-05772 JSW, 2012 WL 2159385, at *7 (N.D. Cal. June 13, 2012).

DKR's Complaint includes references to multiple webpages that this Court can consider when ruling on this motion. *Id.* By way of example, DKR's Complaint identifies Pinterest's "Buyable Pins" as the sole accused "web widget" within the meaning of the '298 patent. Compl. ¶ 18. In support of its allegation, DKR includes in its Claim Chart screenshots depicting a smartphone running the Pinterest native mobile application. *See generally* Claim Chart. These screenshots correspond to a promotional video found at the following URL:  https://business.pinterest.com/en/blog/introducing-promoted-video. *Compare id.* at 2; *with* Kent Decl. ¶ 3. The Court can consider the entire contents of that webpage in deciding this motion to dismiss.

### C. DKR Has Not Stated a Claim for Direct Infringement

In order to establish a prima facie case of indirect infringement, DKR must show that Pinterest induced or contributed to another's direct infringement. *See* 35 U.S.C. §§ 271(b), (c). DKR alleges in its Complaint that "[c]onsumers are the direct infringers of the claimed system," and asserts that they infringe by using Pinterest's software. Compl. ¶ 20. However, as explained below, DKR has not plausibly alleged that the use of Pinterest's software meets at least two claim elements.

#### 1. The Complaint does not allege facts sufficient to show the "web browser" limitation.

DKR has not alleged facts sufficient to state a claim that the display devices used by "consumers" are "configured for displaying, *in the web browser, a portable web widget*" when DKR  refers to

Pinterest's "Buyable Pins" or "tiles."[1]  '298 patent, col. 18, ll. 42–44 (emphasis added).  The only factual allegations that DKR includes in its pleading regarding this limitation are found in the Claim Chart attached to the Complaint.  Those allegations come in the form of two images pulled from a marketing video of Pinterest's native mobile application as shown below:

 

Claim Chart at 2.  From these images, DKR infers that:  "A portable web widgets [sic] may be displayed in the web browser. ABOVE, a web browser displaying Pinterest software. BELOW a web widget for retrieval of content."  *Id.* at 2.

But DKR's inference from these images is unwarranted.  The "Buyable Pins" depicted in each of the images is not shown as being displayed in a web browser.  They are shown as being displayed in Pinterest's native ***mobile application***.  *Id.*; *see also Introducing Promoted Video*, PINTEREST BUSINESS (Aug. 17, 2016), https://business.pinterest.com/en/blog/introducing-promoted-video; Kent Decl. ¶ 3 (referring, for example, to a "native video player" and showing interaction with a mobile application).  Indeed, on page 6, DKR's Claim Chart twice references Pinterest's "app," a shorthand for "mobile application."

---

[1] DKR also has failed to plausibly allege that the "Buyable Pins" or "tiles" are "web widgets" within the meaning of the '298 patent as discussed below in Section III.C.2.

1    Neither unwarranted inferences nor conclusory statements are sufficient to state a claim.  *See In*

2    *re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055 ("Nor is the court required to accept as true allegations that

3    are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").  Indeed, no court

4    must "indulge unwarranted inferences in order to save a complaint from dismissal."  *Metzler Inv. GMBH*

5    *v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064–65 (9th Cir. 2008) (affirming dismissal where

6    allegation was "an inference that Metzler believes is warranted from the facts that are alleged" but that

7    "Corinthian persuasively explains why this is not the case").  As a result, DKR has failed to sufficiently

8    plead that Pinterest provides a web widget that is displayed "in the web browser."[2]

9                    **2.    The Complaint does not allege facts sufficient to show the "web widget"**
10                           **limitation.**

11    DKR's Complaint also fails to contain any factual allegations sufficient to demonstrate that

12   Pinterest's "Buyable Pins" or "tiles" meet the '298 patent's definition of "web widget."  The patent's

13   specification defines "[a] web widget [a]s portable software ***that can be installed and executed within a***

14   ***hypertext-markup-language web page by an end user*** that does not require additional compilation."

15   '298 patent, col. 1, ll. 59–62 (emphasis added).  Yet DKR's pleading contains no allegation that would

16   show either the "Buyable Pins" or "tiles" to be installed or executed within a HTML web page by a user.

17   This isn't an accidental omission by DKR.  The "Buyable Pins" and "tiles" simply are not "web widgets"

18   as defined by the patent.

19    Moreover, DKR has not plausibly alleged that Pinterest's "Buyable Pins" or "tiles" meet all of the

20   claim's requirements for the "web widget."  By way of example, claim 1 requires a "web widget" that

21   "compris[es]" a "transaction processing component . . . to execute and complete a commercial

22   transaction in the embedded electronic commerce store."  DKR alleges that this element is met because:

23           The transaction is completed within the web widget, which includes an embedded
24           electronic commerce store. The embedded electronic commerce store relates to the multi
             media content files. "Here's how it will work: When you search and pin items, anything
25           with a blue price tag will be called a "Buyable pin." You can tap and buy it with either
             Apple Pay or a credit card (which the app can then store for the future purchases), or you
26           can add it to a wish list. Then, you can keep pinning as usual. Pinterest isn't taking a cut

27   ───────────────
     [2] To the extent DKR argues that it should be given an opportunity to amend its pleading in order to allege
28   that users can access a "web widget" through a web browser, DKR does not have a Rule 11 basis to do so
     at least for the reasons set forth in Section III.C.2.

                                                        7

of the transactions — at least for now — so what you buy in its app is the same price as what you'd get from the retailer."

Claim Chart at 6.  Apart from the conclusory assertion that "[t]ransaction is completed within the web widget," none of DKR's factual allegations place the "transaction processing component" as part of Pinterest's "Buyable Pins" or "tiles."  To the contrary, DKR's own allegations indicate that some component *other* than the "Buyable Pin" or "tile" includes the alleged "transaction processing component."[3]  *Id.* (referring to processing via Apple Pay or credit card).  DKR therefore fails to state a claim of infringement for this independent reason.

### D.    DKR Has Not Stated a Claim for Inducement or Contributory Infringement

DKR has not pled facts sufficient to show that Pinterest either induces infringement under 35 U.S.C. § 271(b) or contributes to infringement under § 271(c).  Not only has DKR failed to allege that consumers directly infringe one or more claims of the '298 patent when they use Pinterest's software—a showing that is required in order to sustain a claim of inducement or contributory infringement—but it also has failed allege facts that, if true, would show Pinterest had the requisite knowledge to violate these statutory provisions.

Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  In order to prove inducement, a patentee must show that a defendant had "knowledge that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).  Thus, "[f]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer '*specifically intended* [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379

---

[3] On the Pinterest website (https://newsroom.pinterest.com/en/post/coming-soon-buyable-pins), Pinterest explains that the transaction is completed outside of the accused web widget: "The fewer people who have access your credit card information, the better—and that includes us. That's why we won't store your credit card info ourselves. Instead, we're working with payment processors who've been protecting people's information for years. And when you pay with Apple Pay, it uses a device specific account number instead of your actual credit card number, so neither your device nor Apple Pay will send your actual card number to the seller."

8

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF / CASE NO. 4:18-CV-05383-JSW

1  (Fed. Cir. 2017) (emphasis added) (alterations in original) (quoting *In re Bill of Lading Transmission &*

2  *Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

3         In support of its assertion that Pinterest had the requisite level of knowledge, DKR points to a

4  non-disclosure agreement that the parties purportedly entered into "to discuss the possibility of entering

5  into a patent licensing agreement for the '298 Patent."  Compl. ¶ 26.  While allegations that the parties

6  entered into a non-disclosure agreement might plausibly show that Pinterest had knowledge of the '298

7  patent, DKR cannot infer specific intent to induce ***infringement*** or knowledge of ***infringement*** from

8  mere knowledge of the ***patent***.  *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287,

9  1296 (Fed. Cir. 2012) (affirming the dismissal of inducement claim even though the complaint pled

10  knowledge of the patent and knowledge of plaintiff's claim of infringement because plaintiff did "not

11  allege any ***facts*** to support a reasonable inference that Thor specifically intended to induce infringement

12  of the '231 Patent or that it knew it had induced acts that constitute infringement."); *see also Commil*

13  *USA, LLC v. Cisco Sys., Inc.*, __ U.S. __, 135 S. Ct. 1920, 1926 (2015) ("[L]iability for induced

14  infringement can only attach if the defendant knew of the patent ***and*** knew as well that the induced acts

15  constitute patent infringement.") (internal quotation omitted, emphasis added).  Thus, DKR has not stated

16  a claim for inducement.

17         DKR's allegations concerning contributory infringement likewise fall short.  In order to prove

18  contributory infringement, DKR must show that the accused Pinterest software has "no substantial non-

19  infringing uses," and is known by Pinterest "to be especially made or especially adapted for use in an

20  infringement of such patent."  35 U.S.C. § 271(c).  In support of its assertion that Pinterest contributes to

21  its customers' direct infringement by providing certain unspecified "components," DKR alleges that

22  "Defendant's knowledge that components contributed by Defendant were especially made or especially

23  adapted for use in an infringing manner is evidenced by the NDA entered between by Mr. Robb and

24  Defendant to discuss the possibility of entering into a patent licensing agreement for the '298 Patent."

25  Compl. ¶ 33.  But, as explained above, an allegation that Pinterest had knowledge of the ***patent*** does not

26  mean that Pinterest knew that the accused components ***infringe*** much less that these unspecified

27

28

1   components "were especially made or especially adapted for use in an infringing manner."[4]

2   **IV.     CONCLUSION**

3          For the foregoing reasons, Pinterest requests that the Court dismiss DKR's Complaint.

4

5

   Dated:  December 13, 2018                     DURIE TANGRI LLP
6

7                                          By:  _____/s/ Ryan M. Kent_____
8                                                     RYAN M. KENT

9                                          Attorneys for Defendant
                                           PINTEREST, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____
     [4] By way of example, the particular activity accused in the Claim Chart involves the use of "Buyable
28   Pins" with "Promoted Video."  *See* Claim Chart and https://business.pinterest.com/en/blog/introducing-
     promoted-video.  Yet "Buyable Pins" had substantial uses without the "Promoted Video."

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on December 13, 2018 the within document was filed with the Clerk of the

3

Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

4

5

                                                              */s/ Ryan M. Kent*
                                                              RYAN M. KENT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF / CASE NO. 4:18-CV-05383-JSW