United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DKR CONSULTING, LLC,

    Plaintiff,

v.

PINTEREST, INC.,

    Defendant.

No. C 18-05383 JSW

**ORDER DENYING MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by Defendant Pinterest, Inc. ("Defendant"). Defendant moves to dismiss the complaint for inducing infringement and contributory infringement filed by Plaintiff DKR Consulting, LLC ("Plaintiff"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY DENIES Defendant's motion to dismiss.

The motion to dismiss is premised upon Defendant's contentions that the complaint hinges on unwarranted factual inferences. Defendant contends that the complaint makes the unwarranted allegation that Defendant induced infringement of or contributorily infringes claims of U.S. Patents No. 9,679,298 (the "'298 Patent") by providing software to Defendant's users. Defendant argues that the complaint urges the position that the '298 Patent requires a "portable web widget" to be displayed "in the web browser" but that the screenshots used to demonstrate this limitation only pertain to the Defendant's mobile application and do not demonstrate the operation in a web browser. On this basis, Defendant contends Plaintiff cannot make out claims for inducing infringement or contributory infringement.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.  Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by*

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court may review matters that are in the public record, including pleadings, orders and other papers filed in court. *See id.*

**B.   Motion to Dismiss.**

Defendant's motion to dismiss is premised upon the contention that Plaintiff has not pled sufficient facts to support the allegation that Defendant's software includes disputed features that may induce or contribute to infringement of Plaintiff's patented invention. The Court finds that the arguments from both parties are premised upon their respective factual positions on the meaning and breadth of the patent claim terms. The definition and understanding of the key claim term "portable web widget" is essential to the resolution of the dispute. Defendant sets out its understanding of the terms, and argues that the meaning is well known and common. (Dkt. No. 31, Opp. Br. at 6.) Plaintiff disagrees. Because this factual dispute is more appropriate for resolution in the context of a claim construction, the Court finds the motion to dismiss for failure to state a claim is improper at this procedural posture and DENIES the motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 5, 2019

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3